1  **SULAIMAN LAW GROUP, LTD.**
2  Alejandro E. Figueroa (State Bar No. 332132)
   2500 South Highland Avenue, Suite 200
3  Lombard, IL 60148
   Telephone: (630) 575-8181
4  Facsimile: (630) 575-8188
   Email: alejandrof@sulaimanlaw.com
5  Attorney for Plaintiff

6

7                   **UNITED STATES DISTRICT COURT**

8                   **SOUTHERN DISTRICT OF CALIFORNIA**

9

10 | MITCHELL R. BENNETT,                | Case No. **'20CV2416 AJB  MDD**           |
11 |        Plaintiff,                   | **COMPLAINT FOR DAMAGES**                 |
12 |   v.                                | **1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.** |
13 |                                     |                                           |
14 | MIDLAND CREDIT MANAGEMENT, INC.,    |                                           |
15 |        Defendant.                   |                                           |
16 |                                     | **DEMAND FOR JURY TRIAL**                 |

17

18                            **COMPLAINT**

19     NOW comes MITCHELL R. BENNETT ("Plaintiff"), by and through the undersigned

20 attorney, complaining as to the conduct of MIDLAND CREDIT MANAGEMENT, INC.

21 ("Defendant"), as follows:

22                         **NATURE OF THE ACTION**

23   1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act

24 ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

25

26                         **JURISDICTION AND VENUE**

27

28

                                      1

2. This action arises under and is brought pursuant to the FDCPA  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant's principal place of business is located in San Diego County, California, which is located within the Southern District of California.

**PARTIES**

4. Plaintiff is a consumer and a natural person over-the-age of 18.

5. Defendant is a collection company that claims to, "specialize in servicing accounts that have fallen behind and have been charged off by the lender."[1] Defendant is incorporated in the State of Kansas and maintains its principal place of business at 3111 Camino Del Rio North, Suite 1300, San Diego, California 92108.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

7. The instant action arises out of Defendant's attempt to collect upon outstanding credit card debts ("subject debts") that Plaintiff allegedly owed.

8. Plaintiff used the aforementioned credit cards to finance the purchase of various household and personal items.

9. Upon information and belief, after Plaintiff's purported default, the subject debts were charged off and eventually sold to Defendant for collection purposes.

---

[1] https://www.midlandcredit.com/who-is-mcm/

10. In an attempt to collect the subject debts, on or around June 10, 2020, Defendant mailed or caused to be mailed a collection letter to Plaintiff.

11. Defendant's letter was enclosed in an envelope that prominently displayed the words "**TIME SENSITIVE DOCUMENT**" on its exterior in bold font.

12. When Plaintiff observed the "**TIME SENSITIVE DOCUMENT**" contained on the envelope, his attention was immediately drawn to the formatting of the words "**TIME SENSITIVE DOCUMENT**".

13. Reading the words "**TIME SENSITIVE DOCUMENT**" caused Plaintiff to worry about the contents of the unknown letter, as Plaintiff was unsure as to what time sensitive documents he would be receiving from a completely unknown sender. Plaintiff immediately grew nervous and anxious to learn the contents of the letter.

14. As a result of the "**TIME SENSITIVE DOCUMENT**" disclosure on the envelope, Plaintiff immediately opened the collection letter to determine what time sensitive documents were at issue.

15. Plaintiff was worried, anxious, and nervous to figure out what time sensitive information he was receiving from a completely unknown sender.

16. Upon information and belief, Defendant routinely sends collection letters inside of envelopes marked "**TIME SENSITIVE DOCUMENT**" in an attempt to cause unsophisticated consumers to open the envelopes, read the enclosed letter, and call or otherwise interact with Defendant regarding the subject debts.

17. Upon information and belief, Defendant has determined that it collects more money from consumers when it sends letters in "**TIME SENSITIVE DOCUMENT**" envelopes, notwithstanding the prohibition against such superfluous language on the envelopes of collection letters.

18. The envelope's inclusion of the words "**TIME SENSITIVE DOCUMENT**" on its exterior additionally created a false sense of urgency for Plaintiff who was unable to address even a portion of the subject debts, in turn creating unnecessary distress in Plaintiff.

19. Upon opening the contents of the "**TIME SENSITIVE DOCUMENT**" envelope, Plaintiff was disheartened and frustrated that there was nothing time sensitive about the correspondence contained within the time sensitive envelope.

20. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to confusion and aggravation.

21. Plaintiff has further been unnecessarily confused and concerned given Defendant's violations of law, and has further suffered a violation of his state and federally protected interests as a result of Defendant's conduct.

22. Plaintiff was further subjected to deceptive and misleading conduct by Defendant which materially impacted and shaped his reaction and course of conduct in response to Defendant's collection efforts.

23. Additionally, Defendant's conduct posed a material risk of harm to the interests protected by the FDCPA, including Plaintiff's interest in receiving truthful and accurate information regarding Defendant's collection efforts, as well as the FDCPA's interest in ensuring that otherwise compliant debt collectors are not disadvantaged in the marketplace through unlawful conduct.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff repeats and alleges paragraphs 1 through 23 as though fully set forth herein.

25. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

26. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

27. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

28. The subject debts are "debt[s]" as defined by FDCPA §1692a(5) as they arise out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a. Violations of the FDCPA § 1692e

29. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

30. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

31. Defendant violated §§1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debts. Specifically, it was deceptive for Defendant to implicitly represent that it could include the words "**TIME SENSITIVE DOCUMENT**" printed on an envelope containing a collection letter that was not inherently time-sensitive in nature. The FDCPA specifically prohibits debt collectors from including this type of language on its envelopes, thus Defendant acted deceptively by including it in clear violation of the FDCPA. Defendant's actions only served to worry Plaintiff into opening the envelope and thus increasing the likelihood with which Defendant would be able to obtain money from Plaintiff.

### b. Violations of FDCPA § 1692f

32. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

33. In addition, this section enumerates specific violations, such as:

> "Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such

name does not indicate that he is in the debt collection business." 15 U.S.C. §1692f(8).

34. Defendant violated § 169f(8) when it unfairly attempted to collect upon the subject debts. Any reasonable fact finder will conclude that Defendant's inclusion of "**TIME SENSITIVE DOCUMENT"** on the front of the envelope violates 15 U.S.C. § 1692f(8). As alleged, Plaintiff instantly opened Defendant's mail because it said "**TIME SENSITIVE DOCUMENT.**" Upon information and belief, Defendant has determined that it collects more from consumers by including "**TIME SENSITIVE DOCUMENT**" on envelopes. On information and belief, Defendant's research demonstrates that the least sophisticated consumer or the unsophisticated consumer is more likely to open letters sent in envelopes marked "**TIME SENSITIVE DOCUMENT**".

WHEREFORE, Plaintiff MITCHELL R. BENNETT, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: December 11, 2020    Respectfully submitted,

/s/Alejandro E. Figueroa
Alejandro E. Figueroa, Esq.
California Bar No. 332132
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 Ext. 120
alejandrof@sulaimanlaw.com

6